IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SPF OWNER LLC and<br>PHILADELPHIA 76ERS, L.P.<br><br>    Plaintiffs,<br><br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No.: 2:22-cv-1333-MMB |

**DEFENDANT HARTFORD FIRE INSURANCE COMPANY'S
<u>MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS</u>**

  Defendant Hartford Fire Insurance Company ("Hartford Fire") respectfully submits this memorandum in further support of its pending motion to dismiss (Dkt. No. 6), pursuant to the Court's Order of January 9, 2023, permitting the parties to "file a memorandum by January 17, 2023, limited to ten (10) pages, concerning the impact" on Hartford Fire's motion to dismiss of *Wilson v. USI Insurance Service LLC*, No. 20-3124, 2023 WL 116809 (3d Cir. Jan 6, 2023). *See* Dkt. No. 37.

  *Wilson* is controlling and mandates dismissal of this action with prejudice. *Wilson* is a precedential decision by the Third Circuit in which the court concluded that, under Pennsylvania and New Jersey law, COVID-19 related business losses do not amount to direct physical loss or damage to property. *See Wilson*, 2023 WL 116809, at *3-8. *Wilson* addressed nearly identical COVID-19 business interruption claims seeking coverage under substantially the same insurance policy terms – policies, in fact, issued by Hartford Fire affiliates. *See* Dkt. No. 24 at 2-3. Plaintiffs have already acknowledged that *Wilson* should control, admitting that "both the coverage grant

1

and the exclusionary language at issue here has been raised in the consolidated Third Circuit appeal." Dkt. No. 27 at 14. This Court also acknowledged it "obviously" would be "bound" "when the Third Circuit interprets Pennsylvania law on this issue" in "a precedential decision." *See* Dec. 7, 2022 Transcript of Hearing on Motion to Dismiss at 33:14-17.

As explained in Hartford Fire's motion to dismiss,[1] Plaintiffs fail to plausibly allege direct physical loss or damage to property, which is required for all forms of coverage Plaintiffs seek. *See* Dkt. No. 6-1, Brief in Support of Motion to Dismiss ("Mot.") at 14-16, 28-35; *see also* Dkt. No. 19, Reply in Support of Motion to Dismiss ("Reply") at 13-19. The Third Circuit's decision in *Wilson* is directly on point. It refutes the arguments Plaintiffs make in this case and leaves no doubt that, as a matter of Pennsylvania and New Jersey law, Plaintiffs' alleged COVID-19 losses are not covered.

First, *Wilson* confirms – as Hartford Fire argued in this case – that mere economic losses or the inability to use a property in a particular manner does not suffice to trigger coverage under property insurance policies requiring direct physical loss or damage, like those here. *See* Mot. at 28-31; Reply at 14-18. The Third Circuit's decision in *Wilson* makes clear that "the loss of use of a property's intended business purpose is not a physical loss of property covered by the businesses' insurance policies." *Wilson*, 2023 WL 116809, at *1. Plaintiffs' policies insure direct physical

---

[1] Hartford Fire's motion to dismiss is fully briefed. Hartford Fire filed its motion on April 13, 2022. *See* Dkt. No. 6. Plaintiffs filed their opposition on June 1, 2022. *See* Dkt. No. 12. Hartford Fire filed its reply on June 22, 2022. *See* Dkt. No. 19. The parties also made certain supplemental authority filings (*see, e.g.*, Dkt. Nos. 20, 21, 27, 28), and the Court heard oral argument on December 7, 2022. In an Order dated December 15, 2022, the Court authorized the parties to engage in certain limited discovery. *See* Dkt. No. 36. The Court noted, however, that "[t]his allowance of discovery may be terminated upon the filing of an appellate decision determining Pennsylvania Law on the issues presented by this case." *Id.* at 2. *Wilson* does just that. The Court should thus disallow any further discovery, relieve the parties of the discovery obligations set forth in the Court's December 15 Order, grant Hartford Fire's motion to dismiss, and close this case.

2

loss or damage to property, not the right to run a business in a particular manner. Plaintiffs' assertion to the contrary "is completely divorced from the physical condition of the premises." *Id.* at *5.

Second, the alleged presence of the virus on Plaintiffs' property is irrelevant because the property remained usable and habitable at all times. *See* Mot. at 32-35; Reply at 13-15. As the Third Circuit explained in *Wilson*, "the presence of a dangerous substance alone does not constitute a loss . . . until the substance is 'in such form or quantity as to make the building unusable.'" *Id.* at *7 (quoting *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co..*, 311 F.3d 226, 236 (3d Cir. 2011) (other citation omitted)). The presence of COVID-19 does not render property unusable or uninhabitable. *See Wilson*, 2023 WL 116809, at *5-7. Indeed, "[e]ven at its peak, buildings in which the coronavirus inevitably amassed — such as hospitals and grocery stores — remained open and inhabitable." *Id.* at *7. The Third Circuit's opinion in *Wilson* relies heavily on *Port Authority of New York and New Jersey* – the very case that Hartford argued supported dismissal, despite Plaintiffs' arguments to the contrary. *See id.* at *3-4, *7-8.

Third, the "period of restoration" language in the policies further undermines Plaintiffs' theory of direct physical loss or damage. *See* Mot. at 31-32; Reply at 18. "[C]overage exists only during the 'period of restoration,' which ends when the property should be 'repaired, rebuilt or replaced' or is moved to a new location." *Wilson*, 2023 WL 116809, at *6. "By providing business income and extra expense coverage only during the period of restoration, the plain language of the policies makes the period of restoration language relevant to any business income or extra expense claim." *Id.* *8. Measures taken to reduce the spread of COVID-19 to people, such as HVAC system upgrades and installing hand sanitizing stations and plexiglass, do not constitute repairing, rebuilding, or the replacement of property – nor do they constitute direct physical loss or damage

3

to property – because there is nothing to repair, rebuild, or replace. *See id.* at *6; Mot. at 31-33; Reply at 17-18. Like the plaintiffs in *Wilson*, Plaintiffs "lost the ability to use their properties for their intended business purposes because the governors of the states in which they operate issued orders closing or limiting the activities of nonessential businesses, not because there was anything wrong with their properties." *Wilson*, 2023 WL 116809, at *5. "The properties were not destroyed in whole or in part; their structures remained intact and functional." *Id.* Plaintiffs' "properties could certainly be used or inhabited" at all times, even if they "had to close entirely for a time," because the closure orders "and resultant loss of use was due entirely to the closure orders and had nothing to do with the physical condition of the premises." *See id.* Because there is nothing to repair, rebuild, or replace, there is no period of restoration and no period for which business income losses must be paid. *See* Mot. at 31-32; Reply at 18. Plaintiffs' "businesses' loss of use would be — and was — cured by an end to the closure orders, and not by the rebuilding or repairing of any property." *Wilson*, 2023 WL 116809, at *6. Plaintiffs' "interpretation of physical loss or damage would render the 'period of restoration' language superfluous." *Id.*

Fourth, the Third Circuit explained that in order to establish civil authority coverage, a plaintiff "must demonstrate physical loss or damage to a property other than the insured premises and that an action of civil authority prohibited access to the insured premises because of that loss or damage." *Id.* at *8. In *Wilson*, the Third Circuit held that the plaintiffs did not meet either requirement. "[T]he closure orders were issued not in response to property loss or damage but to mitigate health risks to the public and slow the spread of COVID-19 by limiting person-to-person exposure" and, "[e]ven more fundamentally, the closure orders did not prohibit access to the businesses' properties." *Id.* The same is true here. *See* Mot. at 36-39; Reply at 19-21. Plaintiffs'

4

claim for civil authority coverage fails for these and other reasons explained in Hartford Fire's motion papers. *See* Mot. at 36-39; Reply at 19-21.[2]

Fifth, the Third Circuit held that "[b]ecause the policies do not cover the businesses' losses, we need not reach the issue of whether the virus exclusions or any other exclusions apply." *Wilson*, 2023 WL 116809, at *1. Thus, while the virus exclusion in the policies at issue in the instant case unambiguously applies to bar coverage for all of Plaintiffs' claims here (*see* Mot. at 21-28; Reply at 9-13), this Court need not reach that issue to grant Hartford Fire's motion to dismiss.

Finally, the Third Circuit rejected requests to certify questions to the Supreme Court of Pennsylvania on these issues, *see id.* at *9 n. 13, and "predict[ed] that the Supreme Court of Pennsylvania, like the overwhelming majority of state and federal jurisdictions that have considered the issue, would determine that the policies here are unambiguous and do not cover the businesses' losses," *id.* at *6 n. 7; *see also id.* at *1 ("We predict how the Supreme Courts of Pennsylvania and New Jersey would decide the issues before us and hold that the loss of use of a property's intended business purpose is not a physical loss of property covered by the businesses' insurance policies.").[3]

---

[2] Plaintiffs' other extraneous coverage claims – ingress/egress coverage, dependent properties coverage, accounts receivable coverage, and so-called "sue and labor coverage" – also fail. First, ingress/egress coverage, dependent properties coverage, and accounts receivable coverage all require a showing of direct physical loss or damage, which Plaintiffs cannot show (nor have they alleged facts sufficient to satisfy the other requirements of those coverages). *See* Mot. at 15-16, 35-36, 39-41; Reply at 21; *Wilson*, 2023 WL 116809, at *5 ("The properties were not destroyed in whole or in part; their structures remained intact and functional."). Second, "sue and labor coverage" is not a coverage at all and is inapplicable here because there is no covered loss. *See* Mot. at 16-17, 41; Reply at 21. Third, Plaintiffs fail to address these purported coverages in their opposition to Hartford Fire's motion to dismiss; and, thus, those claims should be deemed waived or conceded. *See* Reply at 21.

[3] The Third Circuit also noted recent decisions from the Superior Court of New Jersey, Appellate Division, which supported the Third Circuit's "conclusion that the businesses did not suffer physical loss or damage" because "the loss of use caused by New Jersey's closure orders

In light of *Wilson*, which addressed Hartford Fire affiliates' policies with similar or identical language and the same coverage issues raised in Hartford Fire's motion to dismiss, and for the other reasons explained in Hartford Fire's motion papers, Hartford Fire respectfully requests that the Court grant its motion and dismiss Plaintiffs' Complaint in its entirety with prejudice and relieve Hartford from the discovery requirements set forth in the Court's December 15, 2022 Order. Other courts have not hesitated to do the same. *See, e.g.*, *Argenas v. Nationwide Mut. Ins. Co.*, Nos. 2:20-cv-770, 2:20-cv-853, 2:20-cv-968, 2:20-cv-1286, 2:21-cv-1355, 2023 WL 155271, at *1-2 (W.D. Pa. Jan. 11, 2023) (dismissing with prejudice COVID-19 business interruption claims "[a]s a result and based on the binding decision of the Third Circuit in *Wilson*," including one case against a Hartford Fire affiliate).

| | |
|---|---|
| Dated: January 17, 2023 | Respectfully submitted, |
| | */s/ Richard D. Gable, Jr.* |
| | Richard D. Gable, Jr. |
| | BUTLER WEIHMULLER KATZ CRAIG LLP |
| | 1818 Market Street, Suite 2740 |
| | Philadelphia, PA 19103 |
| | Phone: 267-507-1410 |
| | Email: rgable@butler.legal |
| | |
| | Sarah D. Gordon |
| | John J. Kavanagh |
| | Conor P. Brady |

---

did not constitute physical loss or damage under commercial property insurance policies." *Id.* at *6 (citing *Mac Prop. Grp. LLC & The Cake Boutique LLC v. Selective Fire & Cas. Ins. Co.*, 473 N.J. Super. 1, 278 A.3d 272 (N.J. Super. Ct. app. Div. 2002); *AC Ocean Walk, LLC v. Am. Guarantee & Liab. Ins. Co.*, No. A-1824-21, 2022 WL 2254864 (N.J. Super. Ct. App. Div. June 23, 2022); *Rockleigh Country Club, LLC v. Hartford Ins. Grp.*, No. A-1826-21, 2022 WL 2204374 (N.J. Super. Ct. App. Div. June 21, 2022)). The Third Circuit stated that those New Jersey appellate decisions – one of which addressed a policy issued by a Hartford Fire affiliate – were a "strong indicator of how the Supreme Court of New Jersey" would decide the issues "and therefore reinforce[d] our conclusion that there is no business income or extra expense coverage here." *Id.* (citation omitted). All three of the New Jersey appellate decisions the Third Circuit cites also concluded that virus or contamination exclusions – including a virus exclusion similar to the ones in the policies at issue here – barred coverage for COVID-19 business interruption claims.

          STEPTOE & JOHNSON LLP
          1330 Connecticut Avenue, NW
          Washington, DC 20036
          Phone: 202-429-8005
          Email: sgordon@steptoe.com
          Email: jkavanagh@steptoe.com
          Email: cbrady@steptoe.com
          *Admitted Pro Hac Vice*

          *Attorneys for Defendant Hartford Fire*
          *Insurance Company*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing was served on all parties by CM/ECF on January 17, 2023.

*/s/ Richard D. Gable, Jr.*
Richard D. Gable, Jr.